**AFFIRM; and Opinion Filed November 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01606-CR**

**RANDELL T. HATHCOCK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-84703-2012**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

The State charged appellant Randell T. Hathcock with driving while intoxicated. Appellant filed a motion to suppress challenging the traffic stop. The trial court denied the motion. Appellant then pleaded guilty pursuant to a plea bargain and was sentenced to 120 days in the county jail, suspended for 12 months, and a $500 fine. In his sole issue on appeal, appellant argues that the trial court erred by denying his motion to suppress. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. We affirm the trial court's judgment.

### Background

At the hearing on the motion to suppress, a Plano, Texas, police officer testified that he was working the night shift and was "positioned at the exit of a parking lot" in Plano when he saw a truck leave the parking lot. It was 2 a.m. and the officer knew that bar employees and

patrons parked in that parking lot. He followed the vehicle for about a minute when he observed the driver "make a wide right turn" onto northbound Central Expressway. He said the driver turned into the middle of three lanes. He testified that a "wide right turn" is "a violation of the Texas Transportation Code" because the "[c]ode states that an operator, when making a right-hand turn, . . . shall stay as close as practical to the right – to the right-hand curb or edge of the roadway when making the turn . . . ." And he testified that there were no other cars around. The officer's car video camera recorded the officer following appellant and the subsequent traffic stop. The State played the video for the court. The State asked the officer, "After seeing the video, are you positive that the defendant violated Section 545.101 of the Texas Transportation Code?" The officer replied, "Yes, ma'am."

Appellant argued that the State did not establish reasonable suspicion for the stop because it did not offer any evidence about whether a turn into the right-most lane was practicable. After the trial court heard the officer's testimony and viewed the police car video, the trial court stated, "There has been no evidence that the furthest right lane that your client is required to turn right into was blocked or obscured. And the video clearly shows that your client did, in fact, make a right-hand turn and left – and did not ever stay within the right-most lane. Therefore, motion to suppress is denied."

### Standard of Review

We apply a bifurcated standard when reviewing a ruling on a motion to suppress. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review a trial court's factual findings for an abuse of discretion, but we review de novo the application of the law to those facts. *Id*. Because no findings of fact were filed, we will imply all findings that support the trial court's ruling if the evidence, when viewed in the light most favorable to the ruling,

supports the implied findings. *Id.* We give almost total deference to implied findings that are based on an evaluation of witness credibility and demeanor. *Id*.

## Discussion

A police officer may lawfully stop a vehicle for a traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). Section 545.101(a) of the transportation code states:

> (a) To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway.

TEX. TRANSP. CODE ANN. § 545.101 (West 2011).

Appellant argues that the State did not offer any "specific and articulable facts about whether turning into the right-most lane would've been practicable under the circumstances" and the only proof on the element of practicability was "nothing more than the officer's conclusory statement that Appellant made a 'wide right turn.'" The State argues that the officer testified about the requirements of section 545.101, including the element of practicability. It also argues that the video shows the officer making a right turn into the right-most lane and "there were no potholes, cars, or other obstructions" preventing appellant from making a proper right turn. We agree with the State.

The officer testified about the requirements of the transportation code and stated he saw appellant commit a traffic violation by making a right turn into the middle of three lanes instead of turning into the right-most lane. The video shows appellant making a right turn into the middle of three lanes. It also shows the officer's car making a right turn into the right-most lane. Although no witness testified specifically about the absence of obstructions in the right lane, we imply from the video that it was practicable to make a right turn into the right-most lane because the officer did so. Accordingly, we conclude that the State offered evidence on the element of practicability and the trial court did not err by denying appellant's motion to suppress.

**Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.4

121606F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RANDELL T. HATHCOCK, Appellant

No. 05-12-01606-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 002-84703-2012.
Opinion delivered by Justice Lang-Miers, Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of November, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE